UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LEE WALTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.: 1:20-CV-557 |
| | ) |
| ST. VINCENT HEALTH, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Lee Walton ("Walton"), by counsel, against Defendant, St. Vincent Health, Inc. ("Defendant"), alleging violation of the Age Discrimination in Employment Act of 1967 (ADEA), as amended 29 U.S.C. § 621 *et seq.*

### II. PARTIES

2. Walton is a resident of the State of Indiana, who at all relevant times to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant routinely conducts business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 9 U.S.C. §626.

1

5. Defendant is an "employer" as that term is defined by 29 U.S.C. §630(b).

6. Walton was an "employee" as that term is defined by 29 U.S.C. §630(f).

7 Walton satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on age. Walton received her Notice of Suit Rights and timely files this action.

8. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; thus, venue is proper in this court.

### IV. FACTUAL ALLEGATIONS

9. Walton was born in 1954.

10. Walton began working for Defendant in or around 1991. Most recently, Walton worked as a System Director Clinical Documentation.

11. At all relevant times, Walton met or exceeded Defendant's legitimate performance expectations.

12. Walton last reported to Matt Hanselman. Hanselman is substantially younger than Walton.

13. In or around November 2018, Mr. Hanselman asked Walton, "what is your succession plan when you leave?"

14. In or around February 2019, Mr. Hanselman asked Walton when she was going to retire.

15. Between February 2019 to May 28, 2019, Mr. Hanselman, again, asked when Walton planned to retire.

16. On or about May 3, 2019, Mr. Hanselman informed Walton that she is a very valuable employee, and she had nothing to worry about when it came to the security of her job.

17. On May 28, 2019, Defendant terminated Walton's employment for alleged misconduct or inappropriate behavior. However, when pressed for specific examples of the alleged misconduct or inappropriate behavior, Defendant was unable to articulate any examples.

18. Similarly situated, substantially younger employees were treated more favorably than Walton. The reason given for Walton's termination is pretext for age discrimination.

## V. CAUSES OF ACTION

19. Walton hereby incorporates paragraphs one (1) through eighteen (18) of her Complaint.

20. Walton's employment was terminated because of her age.

21. Defendant willfully and intentionally discriminated against Walton on the basis of her age in violation of the ADEA.

22. Walton has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Lee Walton, by counsel respectfully requests that this enter judgment in her favor and award her the following relief:

1. Reinstate Plaintiff to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

3. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

4. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Liquidated damages for Defendant's violations of the ADEA;

6. All costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgement interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Ryan Sullivan*
Ryan Sullivan, Atty No. 34217-64
8888 Keystone Crossing, Ste. 1300
Indianapolis, Indiana 46240
Telephone:   (317) 575-4108
Facsimile:    (812) 424-1005
Email:            rsullivan@bdlegal.com
*Counsel for Plaintiff, Lee Walton*

## DEMAND FOR JURY TRIAL

Plaintiff, Lee Walton, by counsel, request a trial by jury on all issues deemed so triable.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Ryan Sullivan*
Ryan Sullivan, Atty No. 34217-64
8888 Keystone Crossing, Ste. 1300
Indianapolis, Indiana 46240
Telephone: (317) 575-4108
Facsimile: (812) 424-1005
Email: rsullivan@bdlegal.com
*Counsel for Plaintiff, Lee Walton*

5